UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shombe, McBroom
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

The city of New York
#1) Warden / John Doe or Jane Doe
#2) Warden / John Doe or Jane Doe
#3) Captian Callozzo, Steady 7-3 Shift
#4) Captian Williams, Shield # 1268
#5) C.O. Harris, Steady 7-3 Shift
#6) C.O. Harris, Steady 7-3 Shift
#7) Grievance Supervisor, Ms. Canady. #8) C.O. Reid, relief officer

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/2014**

**AMENDED
COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes  ☐ No
*(check one)*

1:14 Civ. 03961 (LAP)

AUG 21 2014
PRO SE OFFICE

**I.   Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name Shombe, McBroom
ID# 14B0776
Current Institution Wyoming Correctional Facility
Address P.O. Box 501
Attica, N.Y. 14011-501

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.
See Attached list of Defendants on back pages.

Defendant No. 1   Name Warden / John Doe   Shield # unknown
Where Currently Employed 1500 Hazen Street
Address East Elmhurst, N.Y. 11370
(NIC) North Infirmary Command
Failed affirmative duty to provide reasonable safety. See, Helling v. Mckenney 509 U.S. 25, 32-33

Rev. 01/2010                                    1

Defendant No. 1 Name Captain: Callazzo Shield # N/A
Where Currently Employed North Infirmary command (NIC)
Address 1500 Hazen St, East Elmhurst, N.Y. 11370
Failed affirmative duty to provide reasonable safety. See Helling v. McKenney 509 U.S. 25, 32-33

Defendant No. 2 Name C.O. Harris Shield # N/A
Where Currently Employed North Infirmary Command (NIC)
Address 1500 Hazen St, East Elmhurst, N.Y. 11370
Failed affirmative duty to provide reasonable safety. See Helling v. McKenney 509 U.S. 25, 32-33

Defendant No. 3 Name Grievance Supervisor, Ms. Canady Shield # N/A
Where Currently Employed North Infirmary Command (NIC)
Address 1500 Hazen St, East Elmhurst, N.Y. 11370
Failed affirmative duty to provide reasonable safety. See Helling v. McKenney 509 U.S. 25, 32-33

Defendant No. 4 Name Warden/John Doe or Jane Doe Shield # N/A
Where Currently Employe George R. Vierno center (GRVC)
Address 09-09 Hazen St, East Elmhurst, N.Y. 11370
Failed affirmative duty to provide reasonable safety. See Helling v. McKenney 509 U.S. 25, 32-33

Defendant No. 5 Name Captain: Williams Shield # 1268
Where Currently Employed George R. Vierno Center (GRVC)
Address 09-09 Hazen St, East Elmhurst, N.Y. 11370
Failed affirmative duty to provide reasonable saftey. See Helling v. McKenney 509 U.S. 25, 32-33

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? North Infirmary Command (NIC), George R. Vierno center (GRVC)

B. Where in the institution did the events giving rise to your claim(s) occur? North Infirmary Command: Dorm 2-B, Dorm 1. George R. Vierno Center (GRVC): Dorm 10-B, 10-A and Dorm 2-B

C. What date and approximate time did the events giving rise to your claim(s) occur? Events started July 18th, 2013 at approxitmately 8:30 PM in north infirmary command Dorm 2-B, and around November or December in Dorm 1, and claim rised on November 20th, 2013 in Dorm 2-B, and on December 16th, 2013 in Dorm 1. Events started December 20th, 2013 in George R. Vierno Center in 10-B at approxitmately 10:00 am claim rised January, 2014

D. Facts:

**What happened to you?**
My rights secured by the constitutional of laws of the united states was violated under the eighth amendment, and that right was violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). While being confined in north infirmary command, and in George R. Vierno center, i was exposed to such harsh, unclean, unsanitary, hazardous and dangerous conditions

**Who did what?**
As far as i know, no one from the department of corrections did anything in my presents as far as the conditions being remedied. However, office of compliance consultants visited/investigated north infirmary command (Dorm 2-B) in november 20th 2013, and Dorm 1 in December 19th, 2013. Nothing was done in my presents at George R. Vierno center

**Was anyone else involved?**
George R. Vierno center; Defendant ☆(1.) warden/John Doe or Jane Doe ☆ (2.) Captain Williams, shield #1268 ☆(3.)C.O. Harris ☆(4)C.O. Reid
North infirmary command; Defendant ☆(1.) warden/John Doe or Jane Doe ☆(2.) Captain Callozza ☆(3.)C.O. Harris ☆(4.) Grievance Supervisor ms. Canady.

**Who else saw what happened?**
Inmates John Israel I.D.#141-12-03518 and Patrice Dixon I.D.# 241-13-10661 witness conditions in north infirmary command (NIC) Dorm 1. Office of compliance consultants witness conditions in Dorm 2-B in November 20, 2013, and mr. Norman Hemmings witness conditions in December 19th, 2013 in Dorm 1. I don't know what happened in GRVC.

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Injuries i sustained and suffered from conditions in north infirmary command (NIC), and George R. Vierno center (GRVC); Foot fungus, skin rashes, skin peeling and ring worms; from showers. Vomiting, stomack aches, lost of appetites, tierdness, weakness, sluggishness, headaches and hot and cold sweats from bacteria infections (H-pylorie); from foods/pantry-preparations. Heavy coughing, coughing black flem, sore throats and bloody noses due to poor and improper ventilation and dirty air; from housing units. Medications i recieved as treatment are antibiotics for bacteria infections, pills for stomack aches and coughing and cream for foot fungus/skin rashes/ring worms.

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ____

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). North infirmary command (NIC) George B. Vierno Center (GBVC)

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓    No ____    Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ____    Do Not Know ✓

If YES, which claim(s)? _____

D. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ____    No ____    Do Not Know ✓

If YES, which claim(s)? _____

E. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ✓

F. If you did file a grievance, about the events described in this complaint, where did you file the grievance? North infirmary Command (NIC)

1. Which claim(s) in this complaint did you grieve? Conditions in Dorm 2-B Showers and asbestos in Dorm 1 in North infirmary command.

2. What was the result, if any? The conditions were not remedied during my confinement in North infirmary command and in George B. Vierno Center

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. I was never given a decision, the grievance Superviser ms. Canady refused to give me a grievance number and a decision. So i wrote to pisoners rights and made a complaint against her, as well as the conditions in North Infirmary Command (NIC) Dorm 2-B and Dorm 1.

G. If you did not file a grievance, did you inform any officials of your claim(s)?
Yes ✓ No ___
1. If YES, whom did you inform and when did you inform them? Prisoners right was informed around october 2013, and i also called 311 around November 2013, and around January 2014.

2. If NO, why not? _____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. See pages Atached

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:
State what you want the court to do for you. With all due respect, i (Shombe, McBroom I.D.# 1430776) the plaintif, seeks from the courts money damages for such pain and suffering, and harsh hazardous, unclean, unsanitary and dangerous conditions, within North infirmary command (NIC), Dorm 2-B, and Dorm 1. And in George M. Vierno center (GMVC) 10-B, 10-A and 2-B. And for possible injuries in the future in the amount of $15,000,000.00 in monitary damages, I.e., compensatory and punitive damages.

VI. Previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes ✓ No ___

On these claims

B. If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:
Plaintiff Shombe, McBroom
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) United States District court Southern District of new york
3. Docket or Index number 14-cv-2727 (LaP)
4. Name of Judge assigned to your case Loretta a. Preska
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ___ No ✓
If NO, give the approximate date of disposition June 18th, 2014
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) Case was dismissed

D. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ✓ No ___

"On other claims"

E. If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:
Plaintiff Shombe, McBroom
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) United States District Court Southern District of new york
3. Docket or Index number 14-cv-4882 (LaP)
4. Name of Judge assigned to your case Loretta a. Preska
5. Approximate date of filing lawsuit: Around June, 2014
6. Is the case still pending? Yes ✓ No ___
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) There is no judgment as of yet.

Signed this 27 day of July, 2014. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff: Shombe McBroom
Inmate Number: 14R0776
Mailing address: Wyoming Correctional Facility, P.O. Box 501, Attica, N.Y. 14011-501

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 27 day of July, 2014, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Shombe McBroom

rev. 09/04



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# PRISONER AUTHORIZATION

Case Name: __Shombe McBroom__       __The City of New York__
(Enter the full name of the plaintiff(s))     (Enter the full name of the defendant(s))

Docket No: No. __1:14__ Civ. __03961__ (__LAP__)
(Enter the docket number, if available; if filing this with your complaint, you will not have a docket number.)

The Prison Litigation Reform Act ("PLRA" or "Act") amended the *in forma pauperis* statute (28 U.S.C. § 1915) and applies to your case. Under the PLRA, you are required to pay the full filing fee when bringing a civil action if you are currently incarcerated or detained at any facility. If you do not have sufficient funds in your prison account at the time your action is filed, the Court must assess and collect payments until the entire filing fee of $350.00 has been paid, no matter what the outcome of the action.

SIGN AND DATE THE FOLLOWING AUTHORIZATION:

I, __Shombe McBroom__ (print or type your name), request and authorize the agency holding me in custody to send to the Clerk of the United States District Court for the Southern District of New York, or, if this matter is transferred to another district court, to the Clerk of the transferee court, a certified copy of my prison account statement for the past six months. I further request and authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. § 1915(b), to deduct those amounts from my prison trust fund account (or institutional equivalent), and to disburse those amounts to the United States District Court for the Southern District of New York. This authorization shall apply to any agency into whose custody I may be transferred, and to any other district court to which my case may be transferred and by which my poor person application may be decided.

I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350.00 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED OR EVEN IF I VOLUNTARILY WITHDRAW THE CASE.

__July 27__, 20__14__
Date signed

__Shombe McBroom__
Signature of Plaintiff

#__14B0776__
Prisoner I.D. Number

__Wyoming Correction Facility__
Name of current facility

rev. 01/11

The attached pages clearly states what personal injuries and exposure I **(Shombe, McBroom #14R0776)** have experienced, the locations of such hazardous, unsanitary, unclean and dangerous conditions, as well as the months and year inwhich I have experienced such conditions. By all means, this complaint have been brought upon notice to the Courts Presiding Honorable Judge Harold, Baker Jr., which resulted in a Class Action. However, after such Court battle the Honorable Judge Morris E. Lasker ordered that there be an agreement between the parties to create an agency called the: Office of Compliance Consultants **(OCC)**.

Since 1982 they claimed to continuously monitored conditions in N.Y.C. Jails. However, as of May 2000, N.Y.C. Jails are failing to Fix conditions which violates inmates/detainess consitutional rights- During my confinement at North Infirmary Command **(NIC)**, and George R. Vierno Center **(GRVC)**, I have, from July 17th, 2013 to March 24th, 2014, experienced, and also have been exposed to such conditions such as, asbestos, mildue, fungus, worms and also dangerous conditions from being served meals from certain inmates who was sick/ill from H.I.V., colds and Hep-C, not to mention they **(corrections)** have inmates serving food alone, when a officer should be in the pantry observing the food making, sure the food is not being harmed or tampered by any of the inmates serving the food.

The food pantries in North Infirmary Command **(NIC)**, and in George R. Vierno Center **(GRVC)**, where the food is being served from is very unsanitary, unclean, roach/insects infested and the food is cold and not well heated. Around September, 2013 the pipe line drain in the food pantry somehow, dispenced dirty sewer water with feces in it, in North Infirmary Command **(NIC)**, Dorm 2-B. Which was very unclean, unsanitary and hazardous.

During my confinement at both facilities (North Infirmary Command **(NIC)** and George R. Vierno Center **(GRVC)** From July 17th, 2013 to March 24th, 2014, the conditions have gotten worse and very harmful. The showers in both facilities (North Infirmary Command **(NIC)**, and in George R. Vierno Center **(GRVC)** are very unclean, unsanitary and hazardous for any human being to bathed in. The conditions in both facilities (North Infirmary Command **(NIC)** and George R. Vierno Center **(GRVC)** showers are infested with cracked wall tiles falling off the walls, with mold, fungus and mildue behind it. These crack tiles in the showers puts inmates lives in danger for the simple fact that these crack tiles can cut an inmate and infect him with a bacteria that can be very dangerous and hazardous. Also, the pipes in North Infirmary Command **(NIC)** and in George R. Vierno Center **(GRVC)**, showers are clogged with bacteria and residue that don't allow's the shower water to properly drain, as someone shower. However, this causes the sewer line to connect with the clogged water which is causing sewer worms to surface around my feet as I bathed. To my knowledge, the showers in all N.Y.C. Jails supposed to be powered washed once a week, and since my confinement in North Infirmary Command **(NIC)**, Dorm 2-B and Dorm 1, and in George R. Vierno **(GRVC)**, 10-B, 10-A and 2-B, I have never seen any shower being powered washed. Corrections way of cleaning the showers is by having an inmate deck brush it with regular stated soap. By all means, a human being cannot clean better than a machine.

When I was housed in 10-B at George R. Vierno Center (GRVC) an inmate who **I.D.# is 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.** who was also housed in 10-B, at George R. Vierno Center (GRVC), at the same time I was housed, had worked paint detailed and was told to paint over peeling paint, mildue and dirty vents and walls which isn't a proper order to prevent asbestos. By all means, Corrections, who is a person acting under the color of state law, have violated my Constitutional Right under the Eight Amendment, for prison officials have an affirmative duty to provide prisoners basic needs, which includes reasonable safety. Therefore, corrections was in violation by covering the matter to pass complaints and inspections which is unlawful and hazardous to my health and well being, which violates my constitutional rights.

### DEFENDANTS IN CLAIM

#### North Infirmary Command (NIC)

Defendant#1). Warden/John Doe or Jane Doe
Defendant#2). Captain Callozzo, Steady 7-3 Shift
Defendant#3). C.O. Harris, Steady 7-3 Shift
Defendant#4). Grievance Supervisor, Ms. Canady

#### George R. Vierno Center (GRVC)

Defendant#1). Warden/John Doe or Jane Doe
Defendant#2). Captain Williams, Shield #1268
Defendant#3). C.O. Harris, Steady 7-3 Shift
Defendant#4). C.O. Reid, Relief Officer

### READ CONDITIONS AND EVENTS ON RIKERS ISLAND (NIC) AND (GRVC)

Case 1:14-cv-03961-LAP

## Conditions And Events On Rikers Island George R. Vierno Center And North Infirmary Command

On July 18, 2013 I (Shombe, McBroom #14R0776) was transferred from the Department of Corrections Building AMKC, to the Department of Corrections Building North Infirmary Command (NIC) and housed in Dorm 2-B as a detainee. During my stay of confinement within north infirmary command, I have constantly, on a day to day basics have experienced, and also been exposed to such harsh and hazardous conditions which have subjected my well being to being at great risk's of danger and diseases, inwhich I have been a victim of, while being confined/detain at (DOC) north infirmary command, Dorm 2-B
On July 22nd, 2013 at approxitmately 9:00 a.m., I informed the steady officer (C.O. Harris) on the 7-3 shift that the showers was unsanitary and infested with black mole/mildue, fungus and mushrooms that was growing from the side entrance wall inside the showers. However, C.O. Harris from the steady shift had informed me that she would put in a work order about the conditions within the showers, and also about the inadequate heating and cooling, and ventilation that other inmates was complaining about, as well as the food that was being served.
These complaints was also brought to Captain Callozzo, the steady from the 7-3 shift attention!, But nothing was done.

I than filed a grievance, around October 10-15, 2013, regarding the harsh, unsanitary and hazardous conditions in Dorm 2-B. However, the grievance supervisor, Ms. Canady refuse to take my claim and give me a claim number for the grievance regarding the harsh, unsanitary and hazardous conditions within Dorm 2-B. She returned my grievance form with no grievance number and changed the date to October 8th, 2020, where you can clearly see that I filed the grievance on October 10-15, 2013. Being that "I was being denied my right to grieve my complaint" about the harsh, unsanitary and hazardous conditions, by (Grievance Supervisor) Ms. Canady, inwhich she would not let me check the grievance form box that states "I am not satisfied of the results of the grievance response, because the conditions were not remedied, She (I believe) check the box on the grievance form that I was satisfied, but yet she would not give me a grievance number for my complaint.
So I wrote to prisoners right (Legal Aid Society) Dale A. Wilker wrote the Department of Corrections north infirmary command asking corrections to investigate the allegations, but nothing was done. I called 311 around November 16-17, 2013, and on November 20th, 2013 the office of compliance consultants (OCC) visited NIC Dorm 2-B for a complaint of the unsanitary conditions in the dorm shower. However, somehow, the mushrooms was removed from the side entrance wall inside the shower by the time the inspector from office of compliance consultants showed up to inspect. However, if you pull the panel off the side of the wall you will witness the mushroom and fungus inbedded within the side panels.
You can read complaint about conditions at NIC infirmary Dorm 2, inspected by office of compliance consultants (OCC) on November 20th, such harsh, unsanitary, hazardous and dangerous conditions within north infirmary command (NIC) Dorm 2-B. This is where I experienced such pain and suffering.

Page 1

Case 1:14-cv-03961-LAP

**Conditions in North Infirmary Command Dorm 2-B**

1). <u>Living quarters within Dorm 2-B</u>:

   The living conditions within Dorm 2-B includes, excessive noise, insufficient locker storage space (there are no lockers to store food, clothing or any other material for the inmates/detainess in 2-B), inadequate heating and cooling, improper ventilation, that caused me constant coughing, spitting up black flem and also catching colds and sore throats, inwhich I was also caught asthma attacks and not able to breath, due to the inadequate heating, cooling and poor ventilation and dirty air within Dorm 2-B.
   I also was exposed to being housed with mentally and physically ill inmates.

2). <u>The shower/restroom area within Dorm 2-B</u>:

   The conditions within Dorm 2-B shower area's are extremely unclean, inadequate and unsanitary for any human being to bathed in; This includes showers are filled with black mold, fungus, missing tiles, peeling paint, mold on ceiling and also mushrooms growing from the side of the entrance wall that was removed before the inspector of (OCC) office of compliance consultants can inspect and verified its existence. These harsh and hazardous conditions within north infirmary command (**Dorm 2-B**) shower caused me to experience the pain and suffering of skin rashes, peeling skin, foot fungus and wing worm due to the mildue, black mold and fungus within Dorm 2-B shower.

3). <u>Dining Area/Food Preparation 2-B</u>

   The conditions within Dorm 2-B dining area is extremely, unclean, inadequate and unsanitary to eat in, or consume any food being served from the department of corrections food preparation inmates. These harsh, dangerous conditions have cause me to be ill, from eating the uncooked and sometimes spoil food from the department of corrections at north infirmary command. The pain and suffering I experience is a H-pylorie infection (**bacteria infection**) which caused me to suffer from headaches, nausea, upset stomach aches, vomiting, weakness, aching bones, tiredness, lost of appetite, sluggishness and hot and cold sweats due to the unclean, inadequate and unsanitary dining area and food preparation, There is a busted pipe line in the food preparation area where sewer water with feces coming up through the drain. By all means, these harsh dangerous and hazardous conditions inwhich I have experienced and constantly been exposed to have posed a substantial risk of serious harm, pain and suffering due to my asthma as well, inwhich I was at great risk of catching a serious asthma attack, from me, at many times not being able to breathe, due to the inadequate heating and cooling, poor and improper ventilation and dirty air within Dorm 2-B.

Around November or December of 2013, I was transfered from Dorm 2-B, to Dorm 1 within north infirmary command. The conditions within Dorm 1 shower area/restroom, dining area/Pantry-food preparation area are extremely harsh, unsanitary, hazardous and dangerous to be housed in around November or December of 2013, I informed officer Ms. Pettiford from the 7-3 shift that the showers are extremely unsanitary, harsh, hazardous and dangerous for anyone to bathed in because the shower was infested with black mold/fungus and asbestos, not to mention parasites living within the showers. I also informed Officer Pettiford who is the steady shift officer from 7-3 that the dining room area is extremely unsanitary, hazardous and dangerous for inmates to eat in the dining room area because of the asbestos falling from the ceiling into inmates food. Officer Pettiford uncaringly informed me that she would inform Captain Callozzo who works the 7-3 shift. Unfortunately, nothing was done while my presents of being confined in north infirmary command Dorm 1.

On December 16, 2013 I called 311 **(Comfirmation #C1-1-918746928)** and made a complaint about the asbestos falling from the ceiling in the dining room area. On December 19, 2013 Norman Hemmings **(Who I believe to be)** from office of compliance consultants came to north infirmary command to investigate the conditions in Dorm 1 dining room area, inwhich he than was showed the shower area for which he wrote something in his book with a look of discuss and disbelief.

These are the conditions in areas inwhich I have experienced, and also was exposed to such harsh, unsanitary, hazardous and dangerous conditions in Dorm 1. These are the areas where I had experience my pain and suffering.

1). **Living area within Dorm 1:**

   The conditions in Dorm 1 area includes, excessive noise, insufficient locker storage space (There are no lockers to store any food, clothing or any other materials to secure inmates property) inadequate heating and cooling and improper ventilation which caused me constant coughing, spitting up black fumes, catching colds and sore throats due to poor ventilation of breathing in dirty air, and not to mention discharging black flem, inwhich I have also caught asthma attacks, and many of times, not able to breath, due to inadequate heating, cooling and poor and improper ventilation and dirty air within Dorm 1.

2). **Shower area within Dorm 1:**

   The shower conditions are extremely and totally unclean, hazardous, foul smell, parasites living in shower, dangerous asbestos, black mold/fungus, mildue and broken missing tiles from the floor. As a result of these conditions within Dorm 1, I continue to suffered from skin rashes, peelin skin, foot fungus and wing worms caused by these harsh, unclean, hazardous and dangerous conditions within Dorm 1, which is totally inadequate for a human being to bathed in.

3). <u>Dining room area/Pantry-Food Preparation within Dorm 1:</u>

The dining room area in Dorm 1; is extremely unclean, inadequate, hazardous and dangerous to eat in. There is asbestos falling from the ceiling into inmates food **(such as myself)** who was eating in the dining room area. The food from the pantry is always cold, half cooked or molded. The conditions within the food pantry is infested with bugs and is unclean, hazardous, harsh and dangerous to prepare food. As a result of me eating the food in north infirmary command Dorm 2, Dorm 1, I continued to experienced and suffered from bacteria infections which have caused me to suffer from headaches, nausea, upset stomach aches, vomiting, weakness, aching bones, tiredness, lost of appetite, sluggishness and hot and cold sweats due to the bacteria infections caused by the inadequate, harsh, unclean, hazardous and dangerous conditions from the food <u>preparation/food pantry.</u>

On December 19, 2013, I **(Shombe, McBroom #14R0776)** was transfered from the Department of Corrections, north infirmary command **(NIC)** Dorm 1, to the Department of Corrections. George R. Vierno Center **(GRVC)** and housed in 10-B-1 cell unit. During my stay of confinement within 10-B unit I have experienced, and also was exposed to the same inadequate, harsh, hazardous, unclean, unsanitary and dangerous conditions in north infirmary command **(NIC)** Dorm 2-B and Dorm 1.

On January of 2014, on the 7-3 shift there was a worm in 10-B shower, it was told to Officer Reid who was the relief officer in 10-B around January and Officer Reid logged in the officer daily log book that a worm was present in 10-B shower on the 7-3 shift. C.O. Harris, who work's the steady shift in 10-B dorm, was informed of these conditions in 10-B showers, pantry, cell's and dayroom area. These conditions was also reported to Captain William Shield #1268, However, after a whole month an exterminator was sent one time, For what I don't know because the conditions have gotten worst at 10-B. These are the areas in 10-B unit inwhich I experienced, and also was exposed to such inadequate, harsh, hazardous, unclean, unsanitary and dangerous conditions.

1). <u>Living quarters within Building, 10-B- 1 cell and dayroom</u>

The harsh and hazardous conditions that I have experience, and been exposed to within my sleeping area **(cell)**, and Dayroom, which posed a serious risk of harm and danger, to my well being includes, inadequate heating and cooling and improper ventilation which was discharging black fumes, causing me constant heavy coughing, spitting up black flem, catching colds sore throats, bloody nose's, headaches and lost of sleep due to heavy coughing from extreme heat in cell and improper ventilation, which in many times put me at great risk of catching an asthma attack from dirty air and heat ventilation.

Case 1:14-cv-03961-LAP

2). **The shower/restroom within Building 10-B:**

The harsh and hazardous conditions that I have experience, and been exposed to within 10-B shower area is extremely unclean, inadequate and unsanitary for any human being to bathed in. The shower is filled with asbestos, black mole/mildue, fungus and worms, which are coming up from the drain. Also, the shower is being used as a urinal by inmates, because the correction officers do not want to open up the inmates cell for them to use they own personal urinal. These harsh, hazardous and unsanitary conditions within 10-B shower's cause me pain and suffering such as foot fungus, skin rashes, peeling skin which limited my care and opportunity to take care of my hygiene.

3). **Dining Area/Pantry-Food Preparation within Building 10-B:**

The harsh and hazardous conditions I experienced, and was exposed to was extremely unclean, inadequate and unsanitary to eat in a dining room area where plaster/asbestos was falling from ceiling, dust flying off the tier's into inmates food thats sitting down eating, and the food preparation being served by the inmates is unclean, sometimes molded, half cooked and cold. There are inmates that are sick/ill serving food in the food pantry. As a result of these harsh, unsanitary and hazardous condition in Building 10-B, cell, pantry and dayroom I continued to suffer bacteria infections which caused me to suffer from headaches, nausea, upset stomach aches, vomiting, weakness, aching bones, tiredness, lost of appetite, sluggishness and hot and cold sweats due to the inadequate, unclean and unsanitary conditions in 10-B.

Around January of 2014, I was transfered next door to 10-A, in George R. Vierno Center **(GRVC)** and experienced the same conditions as I did in 10-B, In March 2014, I was transfered from 10-A to 2-B, inwhich the shower conditions are the same as 10-B and 10-A. I suffered these harsh, hazardous, unclean, unsanitary and dangerous conditions for 8 months and 20 day's on Rikers Island, until I was transferred on March 24, 2014 to Ulster Correctional Facility.

By all means, it is ratioanl to say that, when the state by the affirmative exercise of its power so restrains an individual's/ prisoner's liberty that it renders his unable to care for himself, and at the same time fails to provide for his basic human need- eg.,... reasonable safety- it violates, and also transgresses the substantive limits on state action set by the eighth amendment and due process law. Such wanton pain and suffering is "simply not part of the penalty that criminals offenders pay for their offenses against society."

Therefore, my rights secured by the constitutional or laws of the United States was violated, and that my right's was violated by a person acting under the color of state law. Under the eighth amendment, and due process law, for prison officials have an affirmative duty to provide for prisoner's basic need, including reasonable safety.

### DEFENDANTS IN CLAIM

#### North Infirmary Command (NIC)

Defendant#1). Warden/John Doe or Jane Doe
Defendant#2). Captain Callozzo, Steady 7-3 Shift
Defendant#3). C.O. Harris, Steady 7-3 Shift
Defendant#4). Grievance Supervisor, Ms. Canady

#### George R. Vierno Center (GRVC)

Defendant#1). Warden/John Doe or Jane Doe
Defendant#2). Captain Williams, Shield #1268
Defendant#3). C.O. Harris, Stead 7-3 Shift
Defendant#4). C.O. Reid, Relief Officer

With all due respect, I **(Shombe, McBroom #14R0776)** the plaintiff, seeks from the courts, money damages for such pain and suffering, and exposure to such harsh hazardous, unclean, unsanitary and dangerous conditions, and for possible injuries in the future, in the amount of **$15,000,000.00** in monitary damages, i.e., compensatory and punitive damages.

Yours truly,

*Shombe McBroom*

Shombe McBroom #14R0776
Wyoming Correctional Facility
P.O. Box 501
Attica, N.Y. 14011-0501

cc: File

**WYOMING CORRECTIONAL FACILITY**
P.O. BOX 501
ATTICA, N.Y. 14011-0501

NAME: Shombe McBroom   DIN: 14R0776

"Legal Mail"

Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM
NAME: Shombe McBroom   DIN: 14R0776

Printed on Recycled Paper

$00.90 US POSTAGE PITNEY BOWES
AUG 19 2014
MAILED FROM ZIP CODE 14011

Pro-Se 8/21/14

USM SDNY P3